IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 8, 2001

## STATE OF TENNESSEE v. RALPH PHILLIPS

**Appeal from the Circuit Court for Tipton County**
**No. 3935    Joseph H. Walker, Judge**

—————

### No. W2000-02317-CCA-R3-CD  - Filed July 19, 2001

—————

The Defendant, Ralph Phillips, appeals as of right from the sentence imposed by the trial court, asserting that the trial court erred by denying his request for community corrections. We find no error; thus, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which ALAN E. GLENN, J. and L.T. LAFFERTY, SR.J., joined.

Gary F. Antrican, District Public Defender, Somerville, Tennessee, for the appellant, Ralph Phillips.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On August 7, 2000, the Defendant entered guilty pleas to one count of delivery of less than .5 grams of cocaine; two counts of possession with intent to deliver .5 grams or more of cocaine; and one count of possession with intent to deliver ½ ounce or more of marijuana. He was sentenced as a multiple offender to ten years for the delivery of cocaine, thirteen years for each count of possession with intent to deliver cocaine, and four years for the possession with intent to deliver marijuana. All sentences were ordered to be served concurrently; thus the Defendant received an effective thirteen year sentence.

The Defendant requested that he be sentenced to community corrections rather than incarceration. At the sentencing hearing, the Defendant testified that he lives in Memphis with his "common law" wife and their three children, whom he supports. He stated that he also has two other children for whom he provides support. The Defendant said that he has a job driving a truck and that he needs to work to support his family. His wife receives $500 per month in disability benefits, but

she is unable to work. The rent alone is $525 per month, and other than his wife's disability check, he is the only source of income for the family.

The Defendant admitted that he has three prior felony drug convictions, two prior misdemeanor drug convictions, and one prior felony burglary conviction. The Defendant admitted his guilt in these prior drug convictions, and he asserted that he had a drug problem. He testified that he would sell small amounts of cocaine or marijuana to make enough money to support his own drug habit. He received probation for these prior convictions, and he testified that no probation violation reports were ever filed against him. He said that he completed probation on these matters and that he was not on probation when the current offenses occurred.

The Defendant was forty-one years old at the time of sentencing. His formal education ended with the tenth grade, but he stated he had earned his G.E.D. According to the Defendant, at the time of the sentencing hearing he had not used drugs in over a year. He testified that he finally realized the mistake he was making with his life and that if given the chance, he would succeed in a community corrections program. He asked for the opportunity to redeem himself.

Judy Anthony, the Defendant's "common law" wife, testified that she and the Defendant have three children together. She explained that she has narcolepsy, which is a sleeping disorder, and that she is unable to drive by herself because she could fall asleep at any time. The Defendant provides support for their three children and also two other children. To the best of her knowledge, the Defendant has not used drugs in the past year. Ms. Anderson testified that the Defendant's behavior has changed in the past year, and he now stays home and helps with the children.

After hearing this evidence, the trial court denied the Defendant's request for a community corrections sentence. In so doing, the court stated,

> Considering the fact that the defendant has entered a plea of guilty to serious felony offenses, has a prior record of felony drug convictions from 1995, 1994, and 1990, the Court finds that measures less restrictive than confinement have been applied unsuccessfully in the past, that confinement is necessary to avoid depreciating the seriousness of the offense or offenses, [and] that alternate sentencing is not appropriate in this particular case.

The Defendant now asserts that this ruling was error.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a <u>de novo</u> review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. <u>See</u> Tenn. Code Ann. §§ 40-35-102, -103, -210; <u>State v. Brewer</u>, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); <u>State v. Thomas</u>, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. <u>State v. Pike</u>, 978 S.W.2d 904, 926-27 (Tenn. 1998); <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

While we agree with the Defendant that he is eligible for a community corrections sentence due to the non-violent nature of his offenses, <u>see</u> Tenn. Code Ann. § 40-36-106(a), an offender is not automatically entitled to such relief if he or she meets the requirements for eligibility. <u>See</u> <u>State v. Ball</u>, 973 S.W.2d 288, 294 (Tenn. Crim. App. 1998); <u>State v. Taylor</u>, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Rather, the statute provides that the criteria shall be interpreted as minimum standards to guide a trial court's determination of whether that offender is eligible to be considered for community corrections. Tenn. Code Ann. § 40-36-106(d).

The legislature has mandated that a defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." <u>Id.</u> § 40-35-102(6); <u>State v. Lane</u>, 3 S.W.3d 456, 462 (Tenn. 1999). However, because the Defendant in this case is a multiple offender and was convicted of two Class B felonies, he is not entitled to a presumption of alternative sentencing. Furthermore, the legislature has provided that sentences involving confinement should be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1); <u>see also</u> <u>State v. Hooper</u>, 29 S.W.3d 1, 5 (Tenn. 2000); <u>State v. Ashby</u>, 823 S.W.2d 166, 170 (Tenn. 1991).

Considering the Defendant's four current drug convictions and his history of prior drug convictions, we agree with the trial court's findings that the Defendant has a history of criminal conduct and that measures less restrictive have been frequently applied unsuccessfully to the Defendant. In 1990 and again in 1991, the Defendant was convicted of a misdemeanor drug offense and given probation. In 1995, the Defendant was convicted of three felony drug offenses and again given probation. Although the Defendant completed his terms of probation, he continued to commit drug offenses. Obviously, the prior sentences of probation did nothing to convince the Defendant of the serious nature of committing drug offenses. Accordingly, we conclude that the Defendant has failed to meet his burden of demonstrating that his sentence is improper.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE