IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 19, 2002

## STATE OF TENNESSEE v. ARTHUR J. HOLMES

**Appeal from the Criminal Court for Sullivan County
Nos. S43, 976 & S43, 978     R. Jerry Beck, Judge**

_____

**No. E2001-01440-CCA-R3-CD
July 30, 2002**
_____

The Defendant, Arthur J. Holmes, pled guilty to three counts of theft under $500, class A misdemeanors; two counts of theft over $500, class E felonies; six counts of forgery, class D and E felonies; and four counts of identity theft, class D felonies. The Defendant's plea agreement provided for an effective ten year sentence as a Range II, multiple offender. After a hearing on the manner in which the Defendant would serve his sentence, the trial court denied an alternative sentence and ordered the Defendant to serve his sentence in the Department of Correction. The Defendant now appeals as of right. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Douglas P. Jones, Elizabethton, Tennessee, for the appellant, Arthur Joe Holmes.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Greeley Wells, District Attorney General; and Joseph E. Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The trial judge ordered that the Defendant's effective ten year sentence for his fourteen convictions be served in the Department of Correction. The Defendant contends that the trial court erred by refusing to place him in the community corrections program for at least a portion of his sentence. We respectfully disagree.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing

principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. See State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6); State v. Lane, 3 S.W.3d 456, 462 (Tenn. 1999). Guidance regarding what constitutes "evidence to the contrary" which would rebut the presumption of alternative sentencing can be found in Tennessee Code Annotated section 40-35-103(1), which sets forth the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

See also State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000); State v. Ashby, 823 S.W.2d 166, 170 (Tenn. 1991).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. See Tenn. Code Ann. § 40-35-103(2), (4). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the appropriate sentence. See id. § 40-35-103(5).

The Community Corrections Act was meant to provide an alternative means of punishment for "selected, nonviolent felony offenders . . . , thereby reserving secure confinement facilities for

violent felony offenders." Tenn. Code Ann. § 40-36-103(1); see also State v. Ball, 973 S.W.2d 288, 294 (Tenn. Crim. App. 1998). Pursuant to statute, persons who satisfy all of the following minimum criteria are eligible for participation in a community corrections program:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;
> (3) Persons who are convicted of nonviolent felony offenses;
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence; [and]
> (6) Persons who do not demonstrate a pattern of committing violent offenses[.]

Tenn. Code Ann. § 40-36-106(a). Additionally, persons who do not otherwise satisfy the minimum criteria and who would usually be considered unfit for probation due to histories of chronic alcohol abuse, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community may be considered eligible for participation in a community corrections program. See id. § 40-36-106(c).

However, even though an offender meets the requirements for eligibility, he or she is not automatically entitled to such relief. See Ball, 973 S.W.2d at 294; State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Rather, the statute provides that the criteria shall be interpreted as minimum standards to guide a trial court's determination of whether that offender is eligible for community corrections. See Tenn. Code Ann. § 40-36-106(d).

The proof adduced at the sentencing hearing established that the Defendant has a long history of psychiatric problems and drug abuse. He has been treated numerous times for his mental illnesses. He also has a lengthy and significant history of non-violent criminal offenses. The trial court recognized that the Defendant was eligible for community corrections, but further found that he had previously been placed on probation and on community corrections, yet continued his pattern of criminal activity after completing those sentences. The record also established that the Defendant committed some of the instant offenses while on bond, and committed other offenses while on bond for the instant offenses.

The trial court found that the Defendant "has previously been put on Probation, previously been on Community Corrections, previously received [medical] treatment, but he's still continued his criminal conduct. And in this case it was a substantial number of cases." The trial court further found that the Defendant's instant crimes "involve fairly complicated types of schemes or acts to make the crimes happen. This indicates a certain, at least criminal deviancy and ability to commit crime." Based on these findings, the trial court determined "that Community Corrections, since it's previously been tried, been previous treatments, and he's continued the criminal conduct, that [sic]

cannot see that the community would benefit from further Community Corrections." Accordingly, the trial court ordered the Defendant to serve his sentences in the Department of Correction.

A criminal defendant challenging a trial court's sentencing decision has the burden of establishing that his or her sentence is improper. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; see also Ashby, 823 S.W.2d at 169. The Defendant has not met his burden in this case. The proof adduced at the sentencing hearing established that the Defendant has a long history of criminal conduct, rendering confinement necessary to protect society from additional criminal behavior by the Defendant, and that measures less restrictive than confinement, including probation and community corrections, were repeatedly and unsuccessfully applied to the Defendant. Either of these circumstances is sufficient to justify a sentence of incarceration. See Tenn. Code Ann. § 40-35-103(1)(A), (C).

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE