IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 4, 2003

## STATE OF TENNESSEE v. CHARLES DAVID LONG

**Appeal from the Circuit Court for Franklin County**
**No. 13870      J. Curtis Smith, Judge**

---

### No. M2002-01608-CCA-R3-CD - Filed March 7, 2003

---

Upon his plea of guilty, the Defendant was convicted of operating a motor vehicle after having been ordered not to under the terms of the Motor Vehicle Habitual Offenders Act. For this Class E felony, the Defendant was sentenced as a Range II multiple offender to serve four years in the Department of Correction. In this appeal, the Defendant argues that the trial court erred by not allowing his sentence to be served in community corrections. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Robert S. Peters, Winchester, Tennessee, for the appellant, Charles David Long.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; J. Michael Taylor, District Attorney General; and Steven M. Blount, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant pleaded guilty to and was convicted of driving a motor vehicle in violation of an order prohibiting him from driving pursuant to the Motor Vehicle Habitual Offenders Act. See Tenn. Code Ann. § 55-10-616. As a Range II multiple offender, the Defendant was sentenced to four years in the Department of Correction. A transcript of the guilty plea proceeding is not contained in the record. It appears from information contained in the technical record that the Defendant was driving a vehicle which ran a stop sign in Winchester, Tennessee on February 10, 2001, at approximately 1 a.m. It was subsequently determined that the Defendant had been found to be an habitual offender and that a court order prohibiting him from driving was in effect. In this appeal, the Defendant argues that the trial judge erred or abused his discretion by ordering his sentence to be served in the Department of Correction rather than on community corrections.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. See State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The Community Corrections Act was meant to provide an alternative means of punishment for "selected, nonviolent felony offenders . . . , thereby reserving secure confinement facilities for violent felony offenders." Tenn. Code Ann. § 40-36-103(1); see also State v. Ball, 973 S.W.2d 288, 294 (Tenn. Crim. App. 1998). Pursuant to statute, persons who satisfy all of the following minimum criteria are eligible for participation in a community corrections program:

(1) Persons who, without this option, would be incarcerated in a correctional institution;
(2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;
(3) Persons who are convicted of nonviolent felony offenses;
(4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
(5) Persons who do not demonstrate a present or past pattern of behavior indicating violence; [and]

(6) Persons who do not demonstrate a pattern of committing violent offenses[.]
Tenn. Code Ann. § 40-36-106(a). Additionally, persons who do not otherwise satisfy the minimum criteria and who would usually be considered unfit for probation due to histories of chronic alcohol

abuse, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community, may be considered eligible for participation in a community corrections program. See id. § 40-36-106(c).

However, even though an offender meets the requirements for eligibility, he or she is not automatically entitled to such relief. See Ball, 973 S.W.2d at 294; State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Rather, the statute provides that the criteria shall be interpreted as minimum standards to guide a trial court's determination of whether that offender is eligible for community corrections. See Tenn. Code Ann. § 40-36-106(d).

The Defendant argues that he should have been allowed to serve his sentence on community corrections because of "special needs" caused by his numerous health-related problems. It is clear from the record that the Defendant does have some rather serious health problems. It is also clear from the record that the trial court considered the Defendant's health in arriving at the manner of service of his sentence. The judge stated,

> The record is as [the assistant district attorney] outlined, an extensive record. The report also reflects that he has various medical and psychological problems, but in the end it doesn't leave me any option but to sentence him and given his record and given the other enhancing factors that were mentioned, it's a four-year sentence. His health is a mitigating factor, but I don't put enough weight on it to bring it down off of four years, nor is the fact that this particular offense is not a violent offense. The sentence is four years to be served in the Department of Corrections.

The presentence report reflects that the Defendant was fifty-one-years-old and obtained an "institutional GED." He has no recent employment history and apparently has been disabled for many years. He reported receiving disability payments from the Veterans Administration and the Social Security Administration in the total monthly amount of $2,663.00.

The Defendant has a lengthy history of criminal conduct spanning a period of over twenty years. He has at least six prior felony convictions and eighteen prior misdemeanor convictions. He has previously been incarcerated in the Department of Correction. At the time he committed the present offense, he was on probation for kidnapping. He has previously been convicted of driving in violation of a court order pursuant to the Motor Vehicle Habitual Offenders Act. His record clearly demonstrates a repeated history of unwillingness to comply with conditions of sentences involving release in the community.

Trial judges are traditionally vested with broad discretionary authority in sentencing matters. Based on the Defendant's lengthy criminal record, the failure of previous restrictive measures and past attempts at rehabilitation, and the Defendant's continued disregard for the laws of this state, we certainly cannot conclude that the trial judge erred or abused his discretion by ordering that the Defendant's sentence be served in confinement.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE