IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION

FILED

March 19, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9701-CC-00023 |
| Appellee, | * | COCKE COUNTY |
| VS. | * | Hon. William R. Holt, Jr., Judge |
| JOHNNY BALL, | * | (Theft over $10,000) |
| Appellant. | * | |

For Appellant:

Thomas V. Testerman
Attorney
301 East Broadway
Newport, TN  37821

For Appellee:

John Knox Walkup
Attorney General and Reporter

Georgia Blythe Felner
Counsel for the State
Criminal Justice Division
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

Richard Vance
Assistant District Attorney General
339 East Main Street
Newport, TN  37821

OPINION FILED:_____

REVERSED AND DISMISSED

GARY R. WADE, JUDGE

The defendant, Johnny Ball, was convicted of theft of property over the value of $10,000.00. Tenn. Code Ann. § 39-14-103. The trial court imposed a sentence of three years with six months to be served in jail followed by placement in the Community Corrections Program. In this appeal of right, the defendant claims that the evidence was insufficient, that he should have been entitled to a judgment of acquittal and that he should have been granted a sentence of probation.

Because we have concluded that the evidence is indeed insufficient, the judgment is reversed and the cause dismissed.

On June 18, 1995, at about 4:30 P.M., the defendant and his co-defendant, Daniel Barnes, followed a 1995 TransAm occupied by Jennifer Winstead and Teresa Cody into the Smoky Mountain Country Club parking lot in Cocke County. Both men had been drinking heavily throughout the day. When Ms. Winstead went inside the club, the defendant and Barnes approached Ms. Cody and asked her several questions about her vehicle. Ms. Winstead returned about ten minutes later and the two women left. At trial, each of the two women identified the defendant as the driver of a car resembling a Ford Mustang.

After the two women left, Barnes stepped out of the passenger's side of the defendant's vehicle and used a screwdriver to gain entry into a white 1989 Z-71 Silverado Chevrolet pickup truck which belonged to Joe Burchett. Within seconds, Barnes broke the steering column, started the truck, and left the parking lot at a high rate of speed. Barnes did not testify in the defendant's trial.

Don Meredith, a retired Tennessee Highway Patrolman, saw the

pickup truck being driven away from the club parking lot followed by a car looking like a Ford Mustang. Meredith testified that the pickup truck, which he later identified as belonging to the victim Burchett, entered a curve and then wrecked. He described the second vehicle as following between fifty to seventy-five yards behind the truck. Meredith recalled that the driver of the Mustang-type vehicle did not stop.

The victim, Joe Burchett, estimated the value of his truck in excess of $15,000.00. He did not witness the theft.

Newport Police Officer James Holt, who investigated the incident, arrested the driver Barnes and later took photographs of the defendant's vehicle, which was identified as being in the club parking lot just prior to the accident. Officer Holt had a warrant issued for the defendant and, about a week later, made the arrest. The defendant admitted that he was present at the time of the offense but denied any involvement in the theft, although he acknowledged to Officer Holt that he thought that Barnes was going "to get something."

After the trial court denied a motion to acquit, the defendant testified in his own behalf. He recalled that he was in the company of Barnes in the club parking lot on the date of the offense and had been drinking with him most of the day. The defendant remembered that after Ms. Cody and Ms. Winstead left, Barnes got out of the defendant's car, broke into the Burchett vehicle, and quickly drove it away. The defendant, who acknowledged a long-term friendly relationship with Barnes, testified that he was frightened by Barnes' actions and conceded that he had driven away at a fast rate of speed. He denied, however, driving closely behind the stolen truck or witnessing the wreck. The defendant explained that he left the scene because he just did not want to get involved.

3

I

Initially, the defendant insists that the evidence is legally insufficient because it merely establishes the presence of the defendant at the scene of the crime. He contends that the trial court should have granted the motion for a judgment of acquittal. Section 39-14-103, Tenn. Code Ann., provides as follows:

> A person commits the theft of property if, with the intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent.

A person may be found criminally responsible for the conduct of another if "[a]cting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense." Tenn. Code Ann. § 39-11-402(2).

A motion for a judgment of acquittal made at the conclusion of the proof by the state is waived when the defendant elects to present evidence on his own behalf. Mathis v. State, 590 S.W.2d 449, 453 (Tenn. 1979); see Rule 29(a), Tenn. R. Crim. P. This court may not return to the midpoint of the trial and then order the trial court to direct a judgment of acquittal upon the basis of the record as it then existed. See State v. Thompson, 549 S.W.2d 943, 945 (Tenn. 1977).

Rule 29 of the Rules of Criminal Procedure empowers the trial judge to direct a judgment of acquittal when the evidence is insufficient to warrant a conviction either at the time the state rests or at the conclusion of all the evidence. Overturf v. State, 571 S.W.2d 837 (Tenn. 1978). At the point the motion is made, the trial court must favor the opponent of the motion with the strongest legitimate view of the evidence, including all reasonable inferences, and discard any

4

countervailing evidence.  Hill v. State, 470 S.W.2d 853 (Tenn. Crim. App. 1971). Once the motion for acquittal is made, the defendant must stand on the motion and present no other proof.

Here, the defendant again moved for a judgment of acquittal at the end of all of the proof.  The standard by which the trial court determines a motion for judgment of acquittal at that time is, in essence, the same standard which applies on appeal in determining the sufficiency of the evidence after a conviction.  That is, "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307 (1979).  Obviously, the trial court concluded that the standard had been satisfied and later, after the entry of the verdict, refused to grant an acquittal.  After providing the initial set of instructions to the jury on the crime of theft, the trial judge asked that the jury be returned.  He then provided a supplemental instruction for criminal responsibility for the acts of another.  See Tenn. Code Ann. § 39-11-402.

On appeal, of course, the state is entitled to the strongest legitimate view of the evidence, and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).  The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978).  A guilty verdict, approved by the trial judge, accredits the testimony of the witnesses for the state and resolves all conflicts in the proof in favor of the state's theory.  State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978).

5

An offense may be proven by circumstantial evidence alone. Price v. State, 589 S.W.2d 929, 931 (Tenn. Crim. App. 1979). Our scope of review is the same when the conviction is based upon circumstantial evidence as it is when it is based upon direct evidence. State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977); Farmer v. State, 343 S.W.2d 895, 897 (Tenn. 1961).

In convictions such as these, where the evidence is entirely circumstantial, the jury must find that the proof is not only consistent with the guilt of the accused but inconsistent with his innocence. There must be an evidentiary basis upon which the jury can exclude every other reasonable theory or hypothesis except that of guilt. Pruitt v. State, 460 S.W.2d 385, 390 (Tenn. Crim. App. 1970). The trial court has the duty to charge the jury on the weight and significance of circumstantial evidence when it is the only basis upon which the state's case rests. Bishop v. State, 287 S.W.2d 49, 52 (Tenn. 1956). Like all other fact questions, the determination of whether all reasonable theories or hypotheses are excluded by the evidence is primarily a jury question. Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958); State v. Tharpe, 726 S.W.2d 896 (1987).

The jury is governed by four rules when testing the value of circumstantial evidence: (1) the evidence should be acted upon with caution; (2) all of the essential facts must be consistent with the hypothesis of guilt; (3) the facts must exclude every other reasonable theory except that of guilt; and (4) the facts must establish such a certainty of guilt as to convince beyond a reasonable doubt that the defendant is the perpetrator of the crime. Marable, 313 S.W.2d at 456.

Even when our scope of review is so limited, however, there is precedent for overturning verdicts which are not supported by sufficient

6

circumstances:

> In order to convict on circumstantial evidence alone, the facts and circumstances must be so closely interwoven and connected that the finger of guilt is pointed unerringly at the defendant and the defendant alone. A web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt....

> * * *

> We cannot speculate a defendant into the penitentiary or permit a jury to do so.

State v. Crawford, 470 S.W.2d 610, 613 (Tenn. 1971).

In the light most favorable to the state, the most condemning evidence against the defendant is that he used his vehicle to follow Ms. Cody and Ms. Winstead into the club parking lot on the afternoon of the offense, talked for about ten minutes with the two women and, after their departure, watched as his companion, Barnes, broke into the stolen pickup truck and then drove away at a high rate of speed. Favorable to the state's theory is that Barnes quickly fled the scene and the defendant followed in the same direction within fifty to seventy-five yards. The defendant acknowledged that he was intoxicated and the evidence indicated that Barnes was as well. The two men had been together for the entire day preceding the event. The defendant, who said he anticipated that Barnes was "going to get something" took no steps to disavow any involvement in the theft. While not entirely certain, some testimony suggested the defendant might have been in a position to see the accident and yet fled the scene.

The cumulative evidence indicated the probable guilt of the defendant as to the theft. Probable guilt, however, is not enough. State v. Shannon Knight, No. 01C01-9606-CC-00279, slip op. at 7 (Tenn. Crim. App., at Nashville, Sept. 2,

7

1997). There is no evidence that the defendant ever knowingly obtained or exercised control over the vehicle or intended that Barnes do so. Barnes did not incriminate the defendant. There was no direct evidence of his participation in a plan or a scheme. While all of the testimony indicates that both the defendant and Barnes were intoxicated, it is just as likely from the evidence presented that Barnes acted on his own in stealing the vehicle.

State witnesses testified that the defendant approached the two women when they stopped in the parking lot of the country club. Ms. Cody acknowledged that the defendant talked with her for about ten minutes before Ms. Winstead returned from the club and the two women left. The enterprise occurred in broad daylight. The defendant made no attempt to hide his identity. Even under the theory of criminal responsibility for the acts of another, mere presence during the commission of the crime is not enough to convict. See Flippen v. State, 365 S.W.2d 895, 899 (Tenn. 1963); Anglin v. State, 553 S.W.2d 616, 619 (Tenn. Crim. App. 1977). Presence and companionship with the perpetrator of a felony before and after the commission of the offense are circumstances from which one's participation in the crime may be inferred. No particular act need be shown. It is not necessary for one to take a physical part in the crime. Mere encouragement of the principal is sufficient. State v. McBee, 644 S.W.2d 425, 428 (Tenn. Crim. App. 1982).[1]

In order to be guilty of the crime, one must intentionally promote or assist in the offense. State v. Maxey, 898 S.W.2d 756, 757 (Tenn. Crim. App. 1994). While the defendant fled the scene at a high rate of speed closely behind

---

[1]In State v. Carson, 950 S.W.2d 951 (Tenn. 1997), our supreme court held that the criminal responsibility statute, Tenn. Code Ann. § 39-11-402, embraces the common law principles of aiding and abetting.

Barnes, there was simply no evidence that he assisted or encouraged Barnes to break into the pickup truck or to drive it away from the lot. Tenn. Code Ann. § 39-11-402. Following after the stolen truck in the same direction, while incriminating, is not necessarily assistance in or encouragement of the crime. In our view, the evidence was insufficient to show a shared, preconceived intent to commit the theft. Thus the judgment is reversed and dismissed.

## II

The defendant also argues that even if the evidence was sufficient, he should have been placed on immediate probation. Age twenty-two at the time of the offense, the defendant had a prior conviction of driving under the influence for which he served a jail term of forty-eight hours. That the defendant was driving while intoxicated at the time of this theft was also a factor considered by the trial court in denying immediate probation. The trial judge commented that auto theft was such a major problem in Cocke County that it had earned the reputation of being the "chop shop capital of East Tennessee."

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at

9

the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Among the factors applicable to the defendant's application for probation are the circumstances of the offense, the defendant's criminal record, social history, and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). There is no such presumption for a Class B felon. Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence for each conviction is eight years or less. Tenn. Code Ann. § 40-35-303(a), (b).

A sentence of split confinement involves the grant of probation after the partial service of a sentence. Tenn. Code Ann. § 40-35-306. It may include a jail or workhouse sentence of up to one year with the probationary term to extend for any period thereafter up to the statutory maximum for the offense. Id.

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in

10

front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The Community Corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). That a defendant meets the minimum requirements of the Community Corrections Act of 1985, however, does not mean that he is entitled to be sentenced under the Act as a matter of law or right. State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987). The following offenders are eligible for Community Corrections:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 2 [repealed], parts 1-3 and 5-7 or title 39, chapter 13, parts 1-5;
>
> (3) Persons who are convicted of nonviolent felony offenses;
>
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
>
> (6) Persons who do not demonstrate a pattern of committing violent offenses; and
>
> (7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

The defendant, twenty-two years old and unmarried at the time of this offense, dropped out of school in the tenth grade. Employed as a cook and earning $6.50 per hour at the time sentence was imposed, the defendant had a sporadic employment history. He had had some prior use of marijuana and conceded prior instances of alcohol abuse. Had the conviction been upheld, it is our view that the

11

trial court properly denied immediate probation. A six-month period of incarceration in a Community Corrections Program would have been an appropriate alternative sentence.

Nonetheless, the judgment must be reversed and the cause dismissed for insufficient evidence.

                                            _____

                                            Gary R. Wade, Judge

CONCUR:


_____
William M. Barker, Judge


_____
Curwood Witt, Judge