# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 13, 2002

## STATE OF TENNESSEE v. FELICIA JOANN CANNON

**Direct Appeal from the Circuit Court for Bedford County**
**No. 14855      Charles Lee, Judge**

---

**No. M2001-01875-CCA-R3-CD - Filed May 17, 2002**

---

After convictions for sale and delivery of a Schedule II controlled substance, the trial court sentenced defendant to nine years and ten months incarceration. Defendant appeals asserting she is entitled to Community Corrections Program. We disagree and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Donna Leigh Hargrove, District Public Defender, and Andrew Jackson Dearing III, Assistant Public Defender, for the appellant, Felicia Joann Cannon.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William Michael McCown, District Attorney General; and Michael David Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On February 22, 2001, defendant, Felicia Joann Cannon, was indicted by a Bedford County grand jury for one count of sale of a Schedule II controlled substance, cocaine, and one count of delivery of a Schedule II controlled substance, cocaine base, in violation of Tennessee Code Annotated section 39-17-417. On May 21, 2001, defendant entered an open plea of guilty to the charge of sale of a Schedule II controlled substance after both charges were merged together.

On June 18, 2001, defendant was sentenced as a Range I standard offender to nine years and ten months at 30% release eligibility. Defendant was also assessed a fine of $2,000.00. Notice of appeal was filed on July 9, 2001.

## Facts

The trial court held a sentencing hearing following the entry of defendant's guilty plea. Defendant testified that she is a 23-year-old single mother of two children, ages two and seven. She stated that she sold drugs while on medical leave. She was not able to get a job because her youngest daughter had heart problems. She stated that she is a single parent, living alone, with rent and bills to pay, including feeding her daughters. She stated that her daughter had just had open-heart surgery, and the doctor requested that defendant not work. She further stated that her daughter had stayed in the hospital for about a month-and-a-half.

Defendant testified that she had used marijuana and cocaine in the past, but that she had not used any drugs since she was arrested. The presentence report reflects that defendant stated that she did not want to work and felt like selling drugs was fun. She stated that her youngest daughter was staying with her aunt because both of defendant's parents are alcoholics.

On cross-examination, defendant admitted that she had previously been convicted for theft in January of 1996, at which time she was ordered to serve a sentence on probation and 48 hours in jail, along with $350.00 in restitution. In October of 1996, defendant's probation was revoked, and she served a 30-day sentence. Defendant was convicted in 1996 of driving on a revoked license and received a sentence of six months probation and was ordered to pay a fine of $50.00 and costs. A probation violation warrant was issued in May of 1997 because she did not pay her fines and costs. However, upon payment of those fines and costs, the probation violation warrant was dismissed.

In July of 1997, defendant was convicted of possession of drugs. She received a six-month suspended sentence and was ordered to serve 48 hours in jail and pay $250.00 in fines and costs. Her probation was revoked in August of 1998, and she served 30 days in jail. Defendant was convicted in March of 1998 for criminal impersonation and was placed on probation for 90 days. Defendant testified, however, that although she knew that she had been placed on probation, she thought that the conviction was for possession rather than criminal impersonation. Defendant was also convicted of driving on a revoked license in December of 1999. She received a sentence of six months probation and was ordered to pay a $50.00 fine and costs. Defendant's probation was revoked in December of 2000, and she was ordered to serve 45 days in jail.

Defendant admitted that she failed to appear in court on two prior occasions. Defendant admitted that when she wrote a statement for the purpose of the presentence report, she did not mention her sick daughter. However, she did write that she felt that selling drugs was fun.

Defendant testified that her daughter was born on December 22, 1998. Defendant claimed that the doctor told her not to work, however, she did not have any documentation to verify this. She further stated that she made quite a bit of money selling drugs and that selling drugs was her only source of income. She stated that she made enough money to pay her car payment, pay her rent, and buy clothes, shoes, medicine, and food for her children. She stated that she basically made her living as a drug dealer. Defendant finally stated that her child's father is incarcerated in Rutherford County

and cannot provide any financial support. She also stated that she realized that she did not want to continue selling drugs. Subsequently, she moved back home with her mother and lost her car, her home, and everything else.

At the conclusion of the hearing, the trial court found that defendant was not entitled to any mitigating factors. The trial court found that defendant had a history of criminal convictions and criminal behavior, in addition to those necessary to establish the appropriate range. Tenn. Code Ann. § 40-35-114(1). The trial court also found that defendant had a history of unwillingness to comply with release in the community in that defendant flaunted her lack of regard for the system when she failed to appear on two separate occasions. Tenn. Code Ann. § 40-35-114(8). The court found that defendant had a conviction for driving on a revoked license and, while waiting to go to court on that revoked license charge, received another revoked license charge. The court also took into consideration the fact that defendant had children to care for. The court finally determined that there were no mitigating factors, only enhancing factors, and imposed a sentence of nine years and ten months as a Range I standard offender. The trial court denied alternative sentencing because defendant had a history of frequent and unsuccessful sentencing alternatives to incarceration applied to her. Tenn. Code Ann. § 40-35-103(1)(C). Defendant subsequently appealed and asked this Court to consider her for the Community Corrections Program.

## Analysis

When a criminal defendant challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption, however, is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the review of the sentence is purely *de novo*. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

A defendant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6) (1997). However, a defendant who commits "the most severe offenses, possess[es a] criminal histor[y] evincing a clear disregard for the laws and morals of society, and [has failed] past efforts at rehabilitation" does not enjoy this

presumption. Tenn. Code Ann. § 40-35-102(5), (6). The defendant's potential for rehabilitation, or lack thereof, should be examined when determining whether an alternative sentence is appropriate. Tenn. Code Ann. § 40-35-103(5). Sentencing issues are to be determined by the facts and circumstances presented in each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

The presumption for alternative sentencing can be rebutted, and if it is, a trial court may impose a sentence of confinement. When imposing a sentence of total confinement, the trial court should base its decision on the considerations listed in Tennessee Code Annotated § 40-35-103(1):

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Defendant argues that the trial court should have allowed her to serve her sentence on Community Corrections. The Tennessee Community Corrections Act was developed to "punish selected, nonviolent felony offenders in front-end community based alternatives to incarceration, thereby reserving secure confinement facilities for violent felony offenders." Tenn. Code Ann. § 40-36-103(1). The program is available for

(1) Persons who, without this option, would be incarcerated in a correctional institution;

(2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person . . . ;

(3) Persons who are convicted of nonviolent felony offenses;

(4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(5) Persons who do not demonstrate a present or past pattern of behavior indicating violence; [and]

(6) Persons who do not demonstrate a pattern of committing violent offenses . . . .

Id. § 40-36-106(a)(1)-(6). Those who are sentenced to incarceration or are on escape at the time of sentencing are not eligible for the program. Id. § 40-36-106(a)(6). Defendant is "otherwise eligible."

In the instant case, while we agree with defendant that she is eligible for the Community Corrections Program because of the non-violent nature of her offenses, Tenn. Code Ann. § 40-36-106(a), we note that she is not automatically entitled to this relief. State v. Ball, 973 S.W.2d 288, 294 (Tenn. Crim. App. 1998); State Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). The statute simply sets forth minimum standards to guide a trial court when determining if a particular defendant is eligible to be placed on the Community Corrections Program. Tenn. Code Ann. § 40-36-106(d).

Defendant was convicted of a Class B felony as a Range I standard offender. We note that the applicable sentencing range is eight (8) to twelve (12) years, Tenn. Code Ann. § 40-35-112(a)(2), and defendant was not given the maximum sentence but instead, nine years and ten months. Additionally, because defendant was convicted of a Class B felony, defendant is not entitled to the statutory presumption for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). Finally, because defendant was sentenced to nine years and ten months, defendant is not eligible for probation, Tenn. Code Ann. § 40-35-303(a).

We conclude that the trial judge was correct in determining that defendant has a history of criminal convictions in addition to that necessary to establish the appropriate range. In fact, defendant has two convictions for theft, four convictions for driving on a revoked license, one conviction for possession of drugs, two convictions for criminal impersonation, and two convictions for failing to appear in court. We conclude that the trial judge properly used these convictions to enhance defendant's sentence and deny alternative sentencing.

Finally, we note that the trial court found that defendant had a history of unwillingness to comply with conditions for release into the community. Indeed, on four separate occasions defendant was sentenced to probation and subsequently had those sentences revoked. There is ample evidence to support that measures less restrictive than confinement have been wasted on defendant in the past. See generally State v. Grigsby, 957 S.W.2d 541, 547 (Tenn. Crim. App. 1997); State v. Williams, 2001 Tenn. Crim. App. LEXIS 678, No. M2000-02593-CCA-R3-CD (Tenn. Crim. App. at Nashville, Aug. 28, 2001); State v. Matthews, 1998 Tenn. Crim. App. LEXIS 404, No. 02 C01-9704-CR-00158, 1998 WL 148317, at *2 (Tenn. Crim. App. at Jackson, March 31, 1998); State v. Miller, 1997 Tenn. Crim. App. LEXIS 226, No. 03C01-9512-CC-00382, 1997 WL 106677, at *6 (Tenn. Crim. App. at Knoxville, March 11, 1997). As such, we affirm the trial court's holding and conclude that defendant is not entitled to Community Corrections Program.

## CONCLUSION

Accordingly, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE