IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 4, 2005

## STATE OF TENNESSEE v. KENNETH RAY BRASHER

**Direct Appeal from the Circuit Court for Henderson County**
**No. 03-069-2     Donald H. Allen, Judge**

---

**No. W2004-02677-CCA-R3-CD  - Filed December 1, 2005**

---

The defendant, Kenneth Ray Brasher, was convicted of theft of property under $500, a Class A misdemeanor, and sentenced to eleven months, twenty-nine days to be served consecutively to a prior sentence.  His sole issue on appeal is whether the trial court erred in denying his motion for judgment of acquittal.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Bradley G. Kirk, Lexington, Tennessee, for the appellant, Kenneth Ray Brasher.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; James G. Woodall, District Attorney General; and Bill R. Martin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The defendant was indicted for theft of property over $1,000 and aggravated burglary stemming from his involvement in a break-in at the home of Donna Cooper in Henderson County on October 28, 2002.  At trial, Ms. Cooper testified that when she arrived home around 10:30 or 11:00 p.m. on October 28, 2002, she discovered that her home had been burglarized.  She noticed that the keys to her 1997 Dodge Intrepid automobile, a telephone, an answering machine, jewelry, a radio, and a Casio keyboard were missing.  She said her Dodge vehicle was still at her house at that time, but about two weeks later, the vehicle disappeared and she realized that "whoever had taken the keys had come back to get the car."  She said the value of the automobile was $5,700 or $5,800, and the total value of the remaining items was between $400 and $600.

Investigator Tim Youngson of the Henderson County Sheriff's Department testified that after receiving information regarding the victim's stolen vehicle, he spoke to the defendant who told him that Randy Stanfill had the keys to the victim's car. Stanfill was brought in for questioning and said that he and the defendant were together when the keys to the victim's vehicle were stolen but that he was the driver who later wrecked the car. On cross-examination, Investigator Youngson acknowledged that the victim's car was stolen about two weeks after the October 28, 2002, burglary and that the defendant was in custody from November 13-19, 2002, for other theft charges. He said the victim's car was recovered after it had been totaled in a wreck. Youngson acknowledged that other than Stanfill's statement that he obtained the keys to the victim's vehicle through the initial burglary of the victim's residence with the defendant, there was no other evidence linking the defendant to the victim's car.

Randy Stanfill testified that on October 28, 2002, the defendant was living with him at his grandmother's house. Because he and the defendant needed money, they went to the victim's residence, pried the door open, and "started grabbing stuff," including jewelry and a keyboard. Stanfill said he took the keys from a key rack by the front door. He and the defendant then returned to his grandmother's house with the stolen items. Later that day, Stanfill noticed that the keyboard was missing. He said he did not know what had happened to the keyboard, but the remaining stolen items were later sold. Stanfill admitted that "about a month later," he returned to the victim's residence, took her car, and wrecked it the next day. He said the defendant was not with him when he stole the victim's car because the defendant was already incarcerated. Stanfill said he had pled guilty to a misdemeanor and was currently incarcerated at the Henderson County Jail. He also acknowledged that he had four or five prior felony convictions.

James Danny Tinin, an inmate in the Henderson County Jail, testified that he had been friends with Stanfill "a long time ago" and that in October 2002, he saw Stanfill and the defendant. The defendant asked him if he wanted to buy a keyboard, and Tinin later bought the keyboard for $30. Tinin described the keyboard as a "Casio. A black one about that long (indicating). It had different sounds." He said he told the Sheriff's Department on April 3, 2003, that the keyboard was a Yamaha because he thought it was until he discussed it with his wife. Tinin said that as far as he knew his grandchildren currently had the keyboard.

The defendant elected not to testify and did not present any proof on his behalf.

At the conclusion of the State's proof, the defendant moved for a judgment of acquittal which the trial court granted as to the aggravated burglary charge. The court also granted the motion as to the theft of property over $1,000 charge but denied it as to theft under $500. Accordingly, the only charge presented to the jury was the theft of property under $500, of which the defendant was convicted. Following a sentencing hearing, the trial court sentenced the defendant to eleven months, twenty-nine days to be served consecutively to a prior sentence.

# ANALYSIS

## Denial of Motion for Judgment of Acquittal

The defendant argues that the trial court erred in denying his motion for judgment of acquittal, saying that "[t]he State failed to offer legally sufficient evidence from which a rational trier of fact could have found him guilty" because "at no point was the keyboard stolen from the victim identified as the one over which the [d]efendant allegedly exercised control."

We apply the same standard when reviewing whether a trial court erred in denying a motion for judgment of acquittal as when reviewing whether the evidence was sufficient to sustain a conviction. See State v. Ball, 973 S.W.2d 288, 292 (Tenn. Crim. App. 1998); State v. Adams, 916 S.W.2d 471, 473 (Tenn. Crim. App. 1995). When the sufficiency of the evidence is challenged on appeal, we must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979); see also Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523 (1963)). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

Theft of property is defined as: "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103 (2003). If the value of the property is $500 or less, the theft is a Class A misdemeanor. Id. 39-14-105(1).

Citing State v. Morris, 537 S.W.2d 721, 722-23 (Tenn. Crim. App. 1976), the defendant argues that "a stolen object can be identified from any characteristic that makes it unique" and that the "only evidence offered at trial is that the victim had a Casio keyboard stolen and that the [d]efendant allegedly sold a Casio keyboard." Viewed in the light most favorable to the State, the proof at trial established that the defendant and Randy Stanfill entered the victim's residence and took several items, including a Casio keyboard, jewelry, a telephone, an answering machine, a radio, and the keys to her automobile. James Tinin testified that he purchased a Casio keyboard from the defendant for $30. From all of this, the jury reasonably could have found the defendant guilty of theft of the Casio keyboard.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE