IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 9, 2007

## STATE OF TENNESSEE v. TONY BELL

**Direct Appeal from the Criminal Court for Shelby County**
**No. 05-08649     Chris Craft, Judge**

**No. W2006-01515-CCA-R3-CD  - Filed April 18, 2007**

After a bench trial, the Shelby County Criminal Court convicted the appellant of burglary of a building, a Class D felony, and sentenced him as a career offender to twelve years in the Department of Correction.  On appeal, the appellant claims the evidence is insufficient to support the conviction. Upon review of the record and the parties briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA McGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. McLIN, JJ., joined.

Tony N. Brayton and Robert Wilson Jones (on appeal) and Trent Hall (at trial), Memphis, Tennessee, for the appellant, Tony Bell.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Michelle Parks, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

At trial, Rafig Mohammed testified that in October 2003, he was leasing the Tiger-Mart convenience store at 4544 Stage Road in Shelby County and that the store was open from 6:00 a.m. to 9:00 p.m.  In the early morning hours of October 19, 2003, Mohammed received a telephone call from the store's alarm monitoring company and went to the store.  When he arrived, police were investigating a break-in.  The store's front door had been shattered by a vehicle, cigarettes were missing, and items in the store had been moved.  The store had four surveillance cameras that recorded onto a videotape, and Mohammed turned the videotape over to police.  The tape showed two men loading merchandise into boxes, and Mohammed said the men did not have permission to be in his store.

Memphis Police Department Officer Clarence Mabon testified that he investigated the Tiger-Mart burglary. On October 27, 2003, he received a videotape from the police department's property and evidence room. Officer Mabon had photographs made from the time-lapse video and gave black and white photocopies of the photographs to his supervisor, who released the photocopies to the media on October 31. At some point, Crime Stoppers received a tip, naming a suspect and giving an address. In response to the tip, Officer Mabon went to 905 Eyers Road, spoke with Johnny Pryor, and showed Pryor the photocopies. Officer Mabon stated that Pryor was able to communicate with him and did not appear to be under the influence of alcohol or drugs. After Officer Mabon spoke with Pryor, an arrest warrant was issued for the appellant.

Johnny Pryor testified that he is the appellant's stepfather and has known the appellant for twenty-three years. He reluctantly acknowledged that police officers visited his home and that he identified one of the robbers in the photocopies as the appellant. He stated that the day before the officers visited him, he was released from the hospital after being treated for pneumonia. He said he was taking twenty-three medications when he spoke with the officers.

Levon Bell testified that she is the appellant's mother. She stated that she and Johnny Pryor have never been married but that he has been her fiancé for twenty-three years.

The appellant testified that he is not one of the men on the videotape or in the photographs. He stated that he had no alibi for the early morning hours of October 19, 2003, but that he was not arrested until months later on March 29, 2004. He stated that he has prior convictions for burglary, evading arrest, and theft of property valued more than five hundred dollars and that he pled guilty in those cases because he was guilty. He said he went to trial in this case because he is innocent. On cross-examination, the appellant acknowledged having seven aliases. He stated that in October 2003, he lived with his mother at 905 Eyers Road but was out of town with a friend when the police visited his mother's home. When he returned home, Johnny Pryor told him that the police had been there. The appellant said he smokes but did not have a car at the time of the burglary.

The trial court found the appellant guilty, stating that it had reviewed the videotape. The court noted that the appellant had no credibility and stated that "this person in this video is absolutely identical [to the appellant]. His tooth pattern, his nose, his cheeks, his eyes and brow, his ears, if this person on this video were not this defendant, he would have to [have] had an identical brother."

## II. Analysis

The appellant claims that the evidence is insufficient to support the conviction because the conviction "is based upon the dubious identification of the Appellant as the perpetrator." When an appellant challenges the sufficiency of the convicting evidence, the standard for review by an appellate court is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e). The State is entitled to the strongest legitimate view of the evidence and all reasonable or

legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions concerning the credibility of witnesses and the weight and value to be afforded the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Accordingly, in a bench trial, the trial judge, as the trier of fact, must resolve all questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence. State v. Ball, 973 S.W.2d 288, 292 (Tenn. Crim. App. 1998). The trial judge's verdict carries the same weight as a jury verdict. State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978).

In this case, the appellant only contests the identification of him as the perpetrator. At trial, the State introduced into evidence color photographs taken from the surveillance videotape, black and white photocopies of the photographs, and the videotape. The evidence established that Johnny Pryor viewed the photocopies and identified the appellant as one of the burglars. The trial court also reviewed the evidence and concluded that the appellant was one of the burglars. We note that one of the photocopies shows an up-close and clear image of an African-American man's face. Unlike this court, the trial court had the benefit of observing the appellant at trial and being able to compare him to the man in the photographs and on the videotape. Based upon Pryor's identification of the appellant and the trial court's conclusion that the appellant could be seen on the videotape burglarizing the store, we conclude that the evidence is sufficient to support the conviction.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE