# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 12, 2014

## STATE OF TENNESSEE v. ANDREW LEE DAVIS

**Direct Appeal from the Circuit Court for Marshall County**
**No. 13-CR-128      Forest A. Durard, Jr., Judge**

---

**No. M2014-00563-CCA-R3-CD - Filed March 31, 2015**

---

The appellant, Andrew Lee Davis, was convicted of domestic assault.  He was sentenced to eleven months and twenty-nine days in the county jail, with all but thirty days of the sentence suspended.  On appeal, the appellant challenges the sufficiency of the evidence sustaining his conviction.  Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Michael J. Collins, Shelbyville, Tennessee (on appeal), and James Frazier, Lewisburg, Tennessee (at trial), for the appellant, Andrew Lee Davis.

Robert E. Cooper, Jr., Attorney General & Reporter; Jonathan H. Wardle, Assistant Attorney General; Robert Carter, District Attorney General; and James R. Frazier, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

At a bench trial, the victim, Lisa Marie Beadle, testified that on June 24, 2013, she and her husband were having a dispute with each other on Facebook.  At some point, her father-in-law, the appellant, commented on their posts and "threaten[ed her] with [her] husband's ex-girlfriend."  The victim responded that if the appellant "felt like something needed to be done about it, he needed to do it himself."  Thereafter, the appellant went to the victim's mother's house on Thomas Avenue, where the victim was staying.

The victim said that she was in the middle bedroom of her mother's house, her nine-year-old daughter was in the kitchen, and Tina Jones, a family friend, was in the back room. The appellant entered the house, went to the back room, and spoke with Jones. As the appellant was leaving, he saw the victim. He spat in her face, pushed her against the wall, and hit her right eye with his closed fist. When the victim told someone to call the police, the appellant quickly left the house. He was driving a gray Buick that belonged to the victim's grandmother.

After the appellant left, the victim called the police station to report the assault. An officer arrived at her mother's house, saw the marks on the victim's eye, and took her statement. The victim could not recall the time of day the incident occurred.

On cross-examination, the victim said that the comments had been deleted from her husband's profile on Facebook. The victim said that although she could not remember the exact time of the incident, the police report indicated that she made her complaint around 10:00 a.m.; therefore, she believed the incident happened a "little before" 10:00 a.m. The victim said that she showed the Facebook comments to the officer.

Lewisburg Police Corporal John Christmas testified that at 10:07 a.m., he was dispatched to Thomas Avenue to investigate a report of an assault. He arrived at the residence at 10:16 a.m. He did not go inside the house, but he spoke with the victim outside. The victim told him that she had been "Facebook messaging" with her husband and the appellant about incidents involving her husband and his sister. Corporal Christmas did not see the Facebook posts. He noticed some redness to the victim's right eye and had an arrest warrant issued, charging the appellant with domestic assault.

Corporal Christmas said that he went to the appellant's address on L&N Avenue to serve the warrant; however, he did not make contact with anyone at the residence.

On cross-examination, Corporal Christmas said that the initial call to police dispatch was made at 10:07 a.m. and that two or three minutes elapsed before he was sent to investigate the complaint.

Alvin Beadle, the victim's brother, testified as a witness for the defense. Mr. Beadle said that he and the appellant lived in the same apartment complex. Around 7:00 a.m. on June 24, 2013, the appellant gave Mr. Beadle the keys to Mr. Beadle's grandmother's gray Buick. Mr. Beadle ran some errands in the car then returned to his apartment. At 9:00 a.m., the appellant came to Mr. Beadle's apartment and told him that Mr. Beadle's grandmother wanted groceries. The appellant got the keys to the Buick and went to the store. Mr. Beadle said that he had to be at work by 10:30 a.m. and that the appellant returned the keys around

-2-

9:45 a.m. Mr. Beadle initially stated that he was "certain" of the time the appellant returned the keys. Upon further questioning, however, he stated that the keys were returned "[a]round 9:45, I believe so."

At the conclusion of the bench trial, the trial court found the appellant guilty of domestic assault. The court sentenced the appellant to eleven months and twenty-nine days in the county jail, to be served at seventy-five percent. The appellant was ordered to serve thirty days in confinement before being released on probation.

The appellant timely filed the instant appeal, challenging the sufficiency of the evidence sustaining his conviction.

## II. Analysis

On appeal, a conviction removes the presumption of the appellant's innocence and replaces it with one of guilt, so that the appellant carries the burden of demonstrating to this court why the evidence will not support the findings of the trier of fact. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The appellant must establish that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Tenn. R. App. P. 13(e).

Accordingly, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Questions concerning the credibility of witnesses and the weight and value to be afforded the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). In a bench trial, the trial judge, as the trier of fact, must resolve all questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence. State v. Ball, 973 S.W.2d 288, 292 (Tenn. Crim. App. 1998). The trial judge's verdict carries the same weight as a jury verdict. State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978); see also State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999).

The guilt of a defendant, including any fact required to be proven, may be predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. See State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). Even though convictions may be established by different forms of evidence, the standard of review for the sufficiency of that evidence is the same whether the conviction is based upon direct or circumstantial evidence. See State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011).

Tennessee Code Annotated section 39-13-111(b) provides that "[a] person commits domestic assault who commits an assault as defined in § 39-13-101 against a domestic abuse victim." Our code lists several categories of domestic abuse victims, which includes "[a]dults or minors who are related or were formerly related by marriage." Tenn. Code Ann. § 39-13-111(a)(5). An assault is committed when a person "[i]ntentionally, knowingly or recklessly causes bodily injury to another." Tenn. Code Ann. § 39-13-101(1).

In the light most favorable to the State, the proof at trial revealed that after a contentious exchange on Facebook, the appellant, who was the victim's father-in-law, went to the victim's mother's house. Upon finding the victim there, the appellant spat at her, pushed her against a wall, and hit her in the eye. The appellant left in her grandmother's Buick when she threatened to call the police. The victim thought the incident occurred shortly before 10:00 a.m. because the police report indicated that her complaint was lodged at 10:07 a.m. Corporal Christmas confirmed that the call was received by dispatch at 10:07 a.m., and he stated that he was dispatched to the victim's residence two or three minutes later. When Corporal Christmas arrived, he saw that the victim's right eye was red.

In his challenge to the sufficiency of the evidence, the appellant's primary complaint is that the victim's testimony regarding the time of the offense was contradicted by Mr. Beadle's testimony. The appellant asserts that he could not have driven the gray Buick to the victim's mother's residence at 10:00 a.m. because he returned the keys to Mr. Beadle at 9:45 a.m. He maintains, therefore, that either the victim or Mr. Beadle lied. He posits that Mr. Beadle had no motive to lie; however, the victim could have been motivated to lie because of problems she was having with the appellant's son.

In response, the State contends that the timelines are not contradictory. The State notes that the victim was unable to recall exactly when the incident occurred and that Mr. Beadle was likewise uncertain regarding the time the appellant returned the keys. The State further asserts that, regardless, the trial court's credibility determinations are not subject to review by this court.

At the conclusion of the bench trial, the trial court observed that the victim's testimony was "quite emphatic" and that her testimony was corroborated by Corporal Christmas. The court noted:

> We do have this discrepancy in time, although, you know, Mr. Beadle's 9:45 was not particularly emphatic in my mind. As a matter of fact, he made the remark, I believe so, which kind of led me to believe he wasn't exactly sure if it was 9:45.

Ultimately, the court accredited the testimony of the State's witnesses and found the appellant guilty of domestic assault.

As we noted earlier, determining the credibility of witnesses was within the purview of the trial court as the trier of fact during a bench trial. The trial court clearly resolved the issue of credibility in the State's favor. We may not now reconsider the credibility assessments of the trier of fact. Accordingly, we conclude that the evidence was sufficient to sustain the appellant's conviction of domestic assault.

### III. Conclusion

Finding no error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE