IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Jackson June 6, 2017

## STATE OF TENNESSEE v. MICHAEL EUGENE JONES

Appeal from the Circuit Court for Marshall County
No. 16-CR-85     F. Lee Russell, Judge

_____

No. M2016-02277-CCA-R3-CD – Filed June 21, 2017

_____

The Appellant, Michael Eugene Jones, pled guilty in the Marshall County Circuit Court to selling one-half gram or more of a Schedule II controlled substance, a Class B felony. Pursuant to the plea agreement, the trial court was to determine the length and manner of service of the sentence. After a sentencing hearing, the trial court ordered that the Appellant serve ten years in confinement. On appeal, the Appellant contends that the length of his sentence is excessive and that the trial court erred by not sentencing him to community corrections. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

William J. Harold (on appeal and at trial), Lewisburg, Tennessee, and Michael J. Collins (at trial), Shelbyville, Tennessee, for the appellant, Michael Eugene Jones.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Robert J. Carter, District Attorney General; and Weakley Edward Barnard and William B. Bottoms, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

In June 2016, the Marshall County Grand Jury indicted the Appellant for selling one-half gram or more of cocaine and delivering one-half gram or more of cocaine. On

August 12, 2016, he entered an open plea to the charge of selling cocaine, and the State dismissed the delivering charge. During the plea hearing, the State advised the trial court that the factual basis for the plea was that the Appellant sold $100 worth of cocaine to a confidential informant on October 23, 2015. The sale occurred at the Appellant's home, and the cocaine weighed 0.74 grams.

During the Appellant's sentencing hearing, the State introduced his presentence report into evidence.[1] According to the report, the then sixty-three-year-old Appellant was single with two adult daughters. He dropped out of school after the tenth grade and did not obtain his GED. However, he entered the National Guard in 1975 and was honorably discharged in 1982. In the report, the Appellant described his mental health as "excellent" and his physical health as "good." Although the Appellant did not report any physical issues, he stated that he successfully completed a thirty-day in-patient drug rehabilitation program in 1999 and again in 2004 or 2005. The report showed that the Appellant worked for Walker Cast Die from 1975 to 1977 and Liberty Steel from 1979 to 1990 and that he began receiving disability payments in 2001 due to a car accident. The report showed numerous misdemeanor convictions since 1991. Specifically, the Appellant had one conviction of possession of drug paraphernalia, one conviction of public intoxication, two convictions of driving under the influence, two convictions of driving on a revoked license, two convictions of simple possession, and three convictions of passing worthless checks. The report also showed that the Appellant had a prior felony conviction of being a habitual traffic offender and that several capiases had been issued for his arrest over the years due to his failure to abide by the terms of probation.

Defense counsel advised the trial court about a letter from The Lighthouse, a drug rehabilitation facility in Memphis, stating that the facility would accept the Appellant into its program upon his release from jail.[2] Counsel described the program as "a longer term rehab" and requested that the court sentence the Appellant to community corrections so that the Appellant could "get himself cleaned up" and become a productive member of society.

The trial court noted that as a Range I, standard offender convicted of a Class B felony, the Appellant's range of punishment was eight to twelve years. See Tenn. Code Ann. § 40-35-112(a)(2). The court stated that although the Appellant had only one prior felony conviction, he had "around a dozen misdemeanor convictions" and that the convictions spanned "two-and-a-half decades." The court found that enhancement factor (1), that "[t]he defendant has a previous history of criminal convictions or criminal

---

[1] We note that the fact section of the Appellant's brief fails to comply with Rule 27(a)(6), Tennessee Rules of Appellate Procedure, which requires that an appellant's brief contain "[a] statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record." The statement of facts in the Appellant's brief is only two sentences in length and does not contain any information from the sentencing hearing.

[2] Counsel introduced the letter into evidence; however, it is not in the appellate record.

behavior, in addition to those necessary to establish the appropriate range," was "most assuredly present." Tenn. Code Ann. § 40-35-114(1). The trial court also found that enhancement factor (8), that "[t]he defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community," was present "in a very dramatic way" due to the Appellant's repeatedly failing to meet the terms of release for prior sentences. Tenn. Code Ann. § 40-35-114(8). The court determined that the Appellant's sentence should be enhanced from eight to twelve years based on the two enhancement factors. In mitigation, the trial court applied factor (13), the catchall provision, for the Appellant's lengthy military service, honorable discharge, and "not [putting] us through a trial." Tenn. Code Ann. § 40-35-113(13). Based on the mitigating factors, the court reduced the sentence from twelve to ten years.

Regarding alternative sentencing, the trial court stated as follows:

> The easy issue is alternative sentencing, and I say that not to be sarcastic but to be realistic. There's a presumption in favor of alternative sentencing, but as many times as he's been revoked, and, and taking these rearrests out of it, the, the, the conventional, the classic, the usual version of revocation, he's had a bunch, and I can read them into the record again, but I've read them into the record once, so I don't think that accomplishes anything.
>
> He's very much a threat to recommit if he is not incarcerated. The risk of committing a crime while on probation appears to be tremendously high, and that, that I take as a, as a consideration under 40-35-103(5). I think the presumption in favor of alternative sentencing is very much overcome in this case. So, respectively, it's a to-serve sentence of ten years.

## II. Analysis

The Appellant contends that his ten-year sentence is excessive and that the trial court should have ordered that he serve his sentence in community corrections. The State argues that the trial court properly sentenced the Appellant. We agree with the State.

Appellate review of the length, range, or manner of service of a sentence imposed by the trial court is to be reviewed under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012); see also State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012) (applying the standard to alternative sentencing). In sentencing a defendant, the trial court shall consider the following factors: (1) the evidence, if any, received at the trial and the sentencing

hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the Appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the Appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in § 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c).

Although the trial court should consider enhancement and mitigating factors, the statutory enhancement factors are advisory only. See Tenn. Code Ann. § 40-35-114; see also Bise, 380 S.W.3d at 701; State v. Carter, 254 S.W.3d 335, 343 (Tenn. 2008). Our supreme court has stated that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." Carter, 254 S.W.3d at 345. In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Id. at 343. Appellate courts are "bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." Id. at 346.

An appellant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. See Tenn. Code Ann. § 40-35-303(a). Moreover, an appellant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6). Tennessee Code Annotated section 40-

35-103(1) sets forth the following sentencing considerations which are utilized in determining the appropriateness of alternative sentencing:

> (A)  Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B)  Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C)  Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See also State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996).  Additionally, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed."  Tenn. Code Ann. § 40-35-103(5).  A defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing.  Tenn. Code Ann. § 40-35-102(5).

The Community Corrections Act of 1985 was enacted to provide an alternative means of punishment for "selected, nonviolent felony offenders in front end community based alternatives to incarceration."  Tenn. Code Ann. § 40-36-103(1).  Tennessee Code Annotated section 40-36-106(a)(1) provides that an offender who meets all of the following minimum criteria shall be considered eligible for community corrections:

> (A) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (B) Persons who are convicted of property-related, or drug- or alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;
>
> (C) Persons who are convicted of nonviolent felony offenses;
>
> (D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(E) Persons who do not demonstrate a present or past pattern of behavior indicating violence;

(F) Persons who do not demonstrate a pattern of committing violent offenses.

An offender is not automatically entitled to community corrections upon meeting the minimum requirements for eligibility. State v. Ball, 973 S.W.2d 288, 294 (Tenn. Crim. App. 1998).

The Appellant contends that his ten-year sentence is excessive because the trial court placed too much weight on his prior record and probation violations and did not take into account his "clear problem with drug abuse." However, the Appellant does not contest the applicability of the two enhancement factors found by the trial court. Moreover, the court was clearly troubled by the Appellant's prior criminal history and failure to abide by the terms of his prior probation sentences and gave great weight to the factors. In any event, the 2005 amendments to the 1989 Sentencing Act "deleted as grounds for appeal a claim that the trial court did not weigh properly the enhancement and mitigating factors." Carter, 254 S.W.3d at 345.

As to the trial court's denial of community corrections, the Appellant is eligible for alternative sentencing because his sentence is ten years or less. However, he is not considered a favorable candidate for alternative sentencing because he was convicted of a Class B felony.

The trial court's comments demonstrate that its denial of community corrections was based upon a finding that confinement was necessary to protect society by restraining a defendant who has a long history of criminal conduct and that measures less restrictive than confinement had frequently or recently been applied unsuccessfully to the Appellant. The Appellant has numerous prior convictions and has continued to reoffend despite having received probationary sentences previously. We also note that the Appellant has already completed two in-patient drug treatment programs. He has not sought treatment for more than ten years, and we agree with the trial court that his potential for rehabilitation is poor. Accordingly, we conclude that the trial court did not err by denying alternative sentencing.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE