IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 24, 2007

## STATE OF TENNESSEE v. NATHANIEL STARR

**Appeal from the Criminal Court for Knox County**
**No. 81939     Mary Beth Leibowitz, Judge**

---

**No. E2006-01922-CCA-R3-CD - Filed August 30, 2007**

---

The defendant, Nathaniel Starr, appeals as of right his bench trial conviction for aggravated robbery, a Class B felony, for which he received a sentence of twenty-five years as a Range III, persistent offender. On appeal, he alleges that the evidence is insufficient to support his conviction for aggravated robbery and that the trial court erred in finding him to be a persistent offender. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right;  Judgment of the Criminal Court is Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. C. MCLIN, JJ., joined.

Mark E. Stephens, District Public Defender; Randall Kilby, Assistant District Public Defender (at trial); and Gianna Maio, Assistant District Public Defender (on appeal), attorneys for appellant, Nathaniel Starr.

Robert E. Cooper, Jr., Attorney General & Reporter; Leslie E. Price, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Leslie Nassios, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

## OPINION

The defendant was convicted of the April 26, 2005, aggravated robbery of Diana Linn, an employee of Republic Parking Systems. Linn testified that she was employed as a cashier but was also responsible for emptying the self-paid money boxes at the unmanned parking lots. As she was emptying one of the money boxes at around 10:00 a.m., she heard someone say to her "Give me the money." She looked up to see the defendant who was armed with a knife. She backed away from the money box. The defendant emptied the box and began to run away. He then ran to the vehicle

she had been driving and took the keys as he fled. She stated that he fled with about thirty dollars. Linn immediately called 911 to report the incident. The police apprehended the defendant within fifteen minutes of the incident and she was able to identify the defendant nearby. She recalled that the money recovered from the defendant was still folded and slightly smashed from being placed in the self-paid slots of the money box. The keys to the vehicle were also recovered. When asked how the knife made her feel she replied "I was terrified."

Detective Steve Still of the Knoxville Police Department testified that he arrived at the scene of the incident to assist two other officers who had responded to the victim's 911 call. When he arrived the victim had already identified the defendant. He described the thirty-two dollars recovered from the defendant as consistent with money folded for placement in a self-paid parking lot money box. He also testified that he recovered a knife from the defendant that the victim identified as the one used to commit the robbery. He intended to interview the defendant, but upon walking into the interrogation room, the defendant told Detective Still that he had nothing to say and would not submit to an interview. Officer Stephen Wade Burchfield testified that the money recovered from the defendant was consistent with money that has been folded to be deposited into a self-paid parking lot money box.

The defendant testified that on April 26, 2005, he had been in the vicinity of the parking lot doing some work at a local club when he and another individual he knew only as Kentucky stopped for lunch at around 11:00 or 11:30 a.m.. He stated that he left the club with twenty-three dollars of his own money and four dollars that Kentucky had given him to go get lunch at Arby's. He recalled that Kentucky's money was folded twice in his pocket. He testified that he got into an altercation with another man he knew from his apartment complex while on the way to Arby's. He stated that the man assaulted him with a knife, but he was able to disarm the man. He testified that he folded the knife and put it in his pocket. While continuing on his way to Arby's, a police car drove by, stopped, and approached the defendant. When asked if he would consent to a search, the defendant consented to a search by the officers. The officers then handcuffed the defendant and took him to the victim who identified him as the perpetrator. The defendant denied any involvement in the robbery.

## ANALYSIS

### *Sufficiency of the Evidence*

The defendant contends that the evidence is insufficient to support his conviction for aggravated robbery. He argues that there is no evidence that a threat of force or fear was utilized to accomplished the theft of the money, that the theft could have been accomplished even if the victim had not backed away and that the victim was not injured. The state counters that the proof is sufficient because the defendant used a knife to accomplish the theft.

An appellate court's standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the

prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The appellate court does not reweigh the evidence; rather, it presumes that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions regarding witness credibility, conflicts in testimony, and the weight and value to be given to evidence were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Accordingly, in a bench trial, the trial judge, as the trier of fact, must resolve all questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence. State v. Ball, 973 S.W.2d 288, 292 (Tenn. Crim. App. 1998). The trial judge's verdict carries the same weight as a jury verdict. State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). A guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt. On appeal the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict. Bland, 958 S.W.2d at 659; State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

A person commits aggravated robbery who commits a robbery pursuant to Tennessee Code Annotated section 39-13-401 through the use or display of a deadly weapon or "any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon[.]" Tenn. Code Ann. § 39-13-402(a)(1). Tennessee Code Annotated section 39-13-401 defines robbery as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tennessee Code Annotated section 39-11-106 (a)(5)(B) defines deadly weapon as "[a]nything that in the manner of its use or intended use is capable of inflicting death or serious bodily injury[.]"

Within fifteen minutes of the incident, the defendant was apprehended with the stolen money and knife in his possession. The victim immediately identified the defendant as the perpetrator. The victim testified that she was terrified by the knife used by the defendant. Proof of an injury is not required for an aggravated robbery. Therefore, the fact that the victim was uninjured is of no consequence to this court's analysis. Likewise, the fact that the theft may have been accomplished without the use of force is of no consequence when, in fact, there exists sufficient proof that the victim was placed in fear by the defendant's use of the knife, a deadly weapon. We conclude that there is overwhelming evidence to support the defendant's conviction for aggravated robbery.

*Sentencing*

The defendant was sentenced to twenty-five years as a Range III, persistent offender based upon the trial court's finding of five qualifying prior felony convictions. The defendant argues that the trial court erroneously applied three of the prior convictions and that he should have been sentenced as a multiple offender rather than as a persistent offender. The state contends that there is sufficient proof of other convictions to justify the range enhancement, as well as the twenty-five year sentence, based upon the defendant's criminal history.

-3-

An appellate court's review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d) (2003). As the Sentencing Commission Comments to this section note, on appeal, the burden is on the defendant to show that the sentence is improper. If the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, this court may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this respect, for the purpose of meaningful appellate review:

> [T]he trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. Tenn. Code Ann. § 40-35-210(f) (1990).

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994).

Pursuant to the 1989 Sentencing Act, the presumptive sentence to be imposed for a Class B felony such as aggravated robbery was the minimum in the range. Tenn. Code Ann. § 40-35-210(c)(2003). The 1989 Sentencing Act also provided that, procedurally, the trial court was to increase the sentence within the range based on the existence of enhancement factors and, then, reduce the sentence as appropriate for any mitigating factors. Id. at (d) and (e). The weight to be afforded an existing factor was left to the trial court's discretion so long as it complied with the purposes and principles of the 1989 Sentencing Act and the court's findings were adequately supported by the record. Id. § 40-35-210 (2003), Sentencing Commission Comments; State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986); see Ashby, 823 S.W.2d at 169.

In conducting its de novo review, the appellate court must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (2006); see Ashby, 823 S.W.2d at 168; Moss, 727 S.W.2d at 236-37.

Pursuant to Tennessee Code Annotated section 40-35-107(a)(1), to qualify as a Range III, persistent offender, the defendant must have been previously convicted of five or more prior felonies within the conviction class or higher, or within the next two lower felony classes. As previously stated, aggravated robbery is a Class B felony. Therefore, the defendant must have been previously convicted of five or more felonies from Class D or greater to qualify for range enhancement under this subsection of the statute. In arriving at its range determination, the trial court found that the

defendant had been previously convicted of eleven Class D and Class C felonies. Additionally, the defendant possesses a lengthy history of criminal convictions dating back over thirty years. Our review of the record confirms at least nine prior Class D or C felony convictions that clearly support the trial court's imposition of a Range III sentence. Therefore, we conclude that the defendant is not entitled to relief regarding this issue.

CONCLUSION

There is sufficient evidence to support the defendant's conviction for aggravated robbery. The defendant also possesses a sufficient number of prior qualifying convictions to support the trial court's imposition of a Range III sentence. Accordingly, the judgment of the trial court is affirmed in all respects.

_____
D. KELLY THOMAS, JR., JUDGE