IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 22, 2009

## STATE OF TENNESSEE v. ANTHONY DREW DRAKE

**Appeal from the Criminal Court for Marshall County**
**No. 08-CR-3     Robert Crigler, Judge**

_____

**No. M2008-02441-CCA-R3-CD - Filed April 30, 2009**

_____

Upon his pleas of guilty, the Defendant, Anthony Drew Drake, was convicted of one count of burglary of a building other than a habitation (a Class D felony), eight counts of burglary of an automobile (Class E felonies) and six counts of misdemeanor theft. Sentencing was left to the discretion of the trial court. Following a sentencing hearing, the Defendant was sentenced as a Range II, multiple offender to terms of five years for the Class D felony and three years for each Class E felony conviction. Three of the three-year sentences were ordered to be served concurrently with one another and consecutively to the five-year sentence. Two of the remaining three-year sentences were ordered to be served concurrently with one another and consecutively to the five-year and three-year consecutive sentences, for an effective sentence of eleven years. On appeal, the Defendant argues that the trial court erred by refusing to allow him to serve his sentences in community corrections. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Andrew Jackson Dearing, III, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, Anthony Drew Drake.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Charles Crawford, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

We first summarize the underlying facts as presented at the guilty plea submission hearing. During the early morning hours of October 28, 2007, the Defendant burglarized eight separate

automobiles belonging to separate victims and one building other than a habitation not open to the public. See Tenn. Code Ann. § 39-14-402(a)(1) and (4). Numerous items were stolen during these burglaries, including a checkbook, hedge trimmer, blankets, tools, paint sprayer and a compact-disc-player face plate. See Tenn. Code Ann. § 39-14-103 (theft of property). The Defendant's crime spree ended when he was confronted at gunpoint by the owner of the building the Defendant was caught burglarizing. The Defendant was detained at the scene until the police arrived. All of the stolen property was recovered.

## Sentencing Hearing

At the sentencing hearing, the parties stipulated that the Defendant was a Range II, multiple offender. The presentence report reflects that at the time of sentencing, the Defendant was twenty-one years old and a high school graduate. The Defendant reported a long history of alcohol and drug abuse. He also reported that he was the father of one child, age three. The presentence report reflects two prior convictions for aggravated burglary, one conviction for Class C felony theft, one conviction for misdemeanor theft, two convictions for driving while under the influence, one conviction for misdemeanor possession of marijuana, one conviction for misdemeanor possession of a controlled substance, one conviction for public intoxication, and one conviction for underage consumption of alcohol. The Defendant was on probation at the time he committed the crimes at issue in this appeal.

The presentence report also contained a lengthy statement from the Defendant. In this statement, the Defendant apologized to the victims and asserted that his crimes were caused by his addiction to drugs. He specifically requested the court to sentence him to "six years at 35% and some drug and alcohol rehabilitation." The Defendant expressed remorse for his crimes and stated that he wanted to be a role model for his son by teaching him about the dangers of drugs and alcohol. At the sentencing hearing, the Defendant also presented an allocution statement. In his allocution, the Defendant again apologized to the victims and stated that drug addiction had taken over his life. He asked the court for assistance with his addiction to drugs and alcohol. At his sentencing hearing, the Defendant did not argue that he should receive an alternative sentence.

## Imposition of Sentence

In considering the length of the Defendant's sentences, the trial court noted that many of the offenses involved more than one victim, but the court stated that it did not place great weight on that as an enhancing factor. See Tenn. Code Ann. § 40-35-114(3). The trial court also found that the Defendant had a previous history of criminal convictions in addition to those necessary to establish the appropriate range. See Tenn. Code Ann. § 40-35-114(1). In addition, the trial court noted the Defendant's admission that, although he had not been convicted of the crimes, he had sold drugs "hundreds" of times. See Tenn. Code Ann. § 40-35-114(1). The trial court deemed the Defendant's prior record "terrible." The trial court also noted that the Defendant had previously failed to comply with the conditions of a sentence involving release into the community. See Tenn. Code Ann. § 40-35-114(8). As mitigating factors, the trial court noted that the Defendant's criminal conduct neither caused or threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113(1). The trial court also noted that the Defendant had expressed some remorse for his crime, although the trial court did

not place much weight on that factor. The trial court based its decision to impose consecutive sentences on its finding that the Defendant committed the instant offenses while he was on probation. See Tenn. Code Ann. § 40-35-115(b)(6).

Immediately prior to imposing its sentence, the trial court explained its decision as follows:

My sentence is going to exceed 10 years so he is not eligible for probation.

I think I should address Community Corrections out of an abundance of caution.

I am going to set an effective sentence of 11 years as a Range II multiple offender.

In doing that I am relying on the evidence received at the sentencing hearing, the presentence report, principles of sentencing and arguments as to sentencing alternatives, the nature and characteristics of the criminal conduct; evidence of statutory mitigating and enhancing factors; the defendant's allocution statement that he made and his lack of potential for rehabilitation which the Court finds.

In looking at it, it appears that the defendant – less restrictive measures than confinement have frequently and unsuccessfully been applied to the defendant.

Therefore alternative sentencing is not appropriate for him. He also has a long history of criminal conduct which in and of itself would be sufficient to deny Community Corrections.

And also confinement is needed to avoid depreciating the seriousness of these offenses.

As to the length of the sentence, I do find it is no greater than deserved under the circumstances and justly deserved in relationship to the seriousness of the offenses.

At the conclusion of the sentencing hearing the trial court imposed an effective sentence of eleven years to be served as a Range II, multiple offender in the Department of Correction. It is from the sentencing decision of the trial court that the Defendant appeals.

**Analysis**

In this appeal, the Defendant does not take issue with any finding made by the trial court, nor does he assert that the trial court erred in its consideration of enhancement or mitigating factors. The Defendant does argue that the appropriate sentence in this case would have been to allow the Defendant to serve his eleven-year sentence in community corrections.

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments; see also State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption "is

conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999); see also State v. Carter, 254 S.W.3d 335, 344-45 (Tenn. 2008). If our review reflects that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see also Carter, 254 S.W.3d at 344-45.

In conducting a de novo review of a sentence, this Court must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b); see also Carter, 254 S.W.3d at 343; State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002).

Effective June 7, 2005, our legislature amended Tennessee Code Annotated section 40-35-102(6) by deleting the statutory presumption that a defendant who is convicted of a Class C, D, or E felony, as a mitigated or standard offender, is a favorable candidate for alternative sentencing. Our sentencing law now provides that a defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D or E felony, *should* be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. A court shall consider, but is not bound by, this advisory sentencing guideline." Tenn. Code Ann. § 40-35-102(5), (6) (emphasis added). No longer is any defendant entitled to a presumption that he or she is a favorable candidate for alternative sentencing. Carter, 254 S.W.3d at 347.

The following considerations provide guidance regarding what constitutes "evidence to the contrary":

    (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

    (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

    (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Tenn. Code Ann. § 40-35-103(1); see also Carter, 254 S.W.3d at 347. Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Tenn. Code Ann. § 40-35-103(2), (4). The court should also consider the defendant's potential for rehabilitation or treatment in determining the appropriate sentence. Tenn. Code Ann. § 40-35-103(5).

The Community Corrections Act was meant to provide an alternative means of punishment for "selected, nonviolent felony offenders . . . , thereby reserving secure confinement facilities for violent felony offenders." Tenn. Code Ann. § 40-36-103(1); see also State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001). Pursuant to statute, persons who satisfy all of the following minimum criteria are eligible for participation in a community corrections program:

> (A) Persons who, without this option, would be incarcerated in a correctional institution;
> (B) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;
> (C) Persons who are convicted of nonviolent felony offenses;
> (D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
> (E) Persons who do not demonstrate a present or past pattern of behavior indicating violence; [and]
> (F) Persons who do not demonstrate a pattern of committing violent offenses[.]

Tenn. Code Ann. § 40-36-106(a)(1).

Persons who do not otherwise satisfy the minimum criteria and who would usually be considered unfit for probation due to histories of chronic alcohol abuse, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community may be considered eligible for participation in a community corrections program. Tenn. Code Ann. § 40-36-106(c). Eligibility under this section is generally referred to as the "special needs" provision for community corrections.

Even though an offender meets the requirements for eligibility, he or she is not automatically entitled to participation in a community corrections program. See State v. Ball, 973 S.W.2d 288, 294 (Tenn. Crim. App. 1998); State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). Rather, the Act provides that the criteria shall be interpreted as minimum standards to guide a trial court's determination of whether that offender is eligible for community corrections. See Tenn. Code Ann. § 40-36-106(d).

In response to the Defendant's argument in favor of community corrections, the State first argues that the Defendant is not eligible for community corrections under the "special needs" provision because in order to be considered for community corrections under this provision, a defendant must be eligible for probation. The State asserts that the Defendant is not eligible for probation because his effective sentence is eleven years. We conclude that the State's argument is misplaced. Under our sentencing law, where a defendant has multiple convictions with consecutive sentences and the total effective sentence exceeds the maximum sentence allowed for probation eligibility, a defendant remains eligible for probation consideration if each individual sentence falls within the probation eligibility criteria. See State v. Langston, 708 S.W.2d 830 (Tenn. 1986); see also Tenn. Code § 40-35-303, Sentencing Comm'n Comments.

In reviewing the trial court's decision, we first conclude that the trial court considered sentencing principles and relevant facts and circumstances. Thus, the judge's decision is presumptively correct. We also conclude that the trial court acted within its discretionary authority in ordering the Defendant to serve his sentence in the Department of Correction rather than in Community Corrections. First, we note that the Defendant was sentenced as a Range II, multiple offender and that therefore, the trial court was not obligated to consider the Defendant as a favorable candidate for alternative sentencing options. Second, we note that the Defendant does have a long history of criminal conduct. Third, we note that the Defendant was on probation for aggravated burglary and theft at the time he committed the crimes at issue herein. Finally, the record supports the trial court's finding that the Defendant has a poor potential for rehabilitation. Based upon our review of the record, we conclude that the Defendant has not overcome the presumption that the sentencing determination made by the trial court is correct. Accordingly, the judgments entered by the trial court are affirmed.

_____
DAVID H. WELLES, JUDGE