IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. VERNON E. HAAS**

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S42,003    R. Jerry Beck , Judge**

---

**No. E1999-00690-CCA-R3-CD - Decided June 8, 2000**

---

Defendant Vernon E. Haas pled guilty to the Class E felony offense of violating a Habitual Motor Vehicle Offender order that prohibited him from driving.  The trial court subsequently sentenced Defendant as a Range II multiple offender to a term of two years and three months in the Tennessee Department of Correction.  Defendant raises the following issue in this appeal: whether the trial court erred when it failed to impose probation or a Community Corrections sentence.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

WOODALL, J. delivered the opinion of the court, in which RILEY,  J. and GLENN, J. joined.

Stephen M. Wallace, District Public Defender, Joseph F. Harrison, Assistant Public Defender, Blountville, Tennessee, and Steve McEwen, Mountain City, Tennessee, for the appellant, Vernon E. Haas, on appeal; Frank L. Slaughter, Bristol, Tennessee, for the appellant Vernon E. Haas, at trial.

Paul G. Summers, Attorney General and Reporter, Elizabeth B. Marney, Assistant Attorney General, H. Greeley Wells, Jr., District Attorney General, and Mary Katharine Harvey, for the appellee, State of Tennessee.

**OPINION**

**BACKGROUND**

At the beginning of the sentencing hearing, Defendant stipulated that he was a Range II multiple offender based on his prior criminal record.  Defendant also stipulated that enhancement factor (1) was applicable to his sentence because he had a previous history of criminal convictions in addition to those necessary to establish the appropriate range and enhancement factor (8) was applicable because he had a previous history of unwillingness to comply with the conditions of a sentence involving release into the community.  In addition, the trial court found that mitigating factor (1) was applicable because Defendant's criminal conduct did not cause or threaten serious bodily injury.

Defendant testified during the sentencing hearing that if the trial court imposed probation, he would abide by the probation requirements. Defendant testified on cross-examination that in addition to the conviction in this case, he had previously been convicted of violating a Habitual Motor Vehicle Offender order. Defendant admitted that he had driven a vehicle in violation of a Habitual Motor Vehicle Offender order more than just the two occasions for which he was convicted.

At the conclusion of the sentencing hearing, the trial court found that Defendant had been in continuous trouble with the law since he was a young man. The court also found that Defendant had previously received probation in another case and that probation had been revoked. The court then imposed a sentence of two years and three months and the court denied Defendant's request for alternative sentencing.

## ANALYSIS

Defendant contends that the trial court erred when it failed to impose probation or a Community Corrections sentence in this case. Defendant has not challenged the length of his sentence.

### A.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) any statutory mitigating or enhancement factors; (6) any statement made by the defendant regarding sentencing; and (7) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (1997 & Supp. 1999).

Initially, we note that under Tennessee law, especially mitigated or standard offenders convicted of a class C, D, or E felony and who do not possess a criminal history evincing a clear disregard for the laws and morals of society and a failure of past efforts at rehabilitation are presumed to be favorable candidates for alternative sentencing options, absent evidence to the contrary. Tenn. Code Ann. § 40-35-102(5), (6) (1997). Because Defendant was sentenced as a Range II multiple offender, he is not presumed to be a favorable candidate for alternative sentencing.

We also note that because Defendant's sentence is eight years or less and none of the statutory exceptions apply, Defendant was eligible for probation. See Tenn. Code Ann. § 40-35-303(a) (1997). Further, as an offender convicted of a nonviolent felony offense, Defendant

was eligible for the Community Corrections Program. See Tenn. Code Ann. § 40-36-106(a) (Supp. 1999). However, even though Defendant was eligible for probation, he was "not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b) (1997) (Sentencing Commission Comments). Similarly, the fact that Defendant satisfied the minimum requirements of the Community Corrections Act does not mean that he is entitled to be sentenced under the Act as a matter of law or right. State v. Ball, 973 S.W.2d 288, 294 (Tenn. Crim. App. 1998).

When determining suitability for alternative sentencing, the sentencing court considers the following factors: (1) whether confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (2) whether confinement is necessary to avoid depreciating the seriousness of the offense; (3) whether confinement is particularly suited to provide an effective deterrent to others likely to commit similar offenses; (4) whether measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant; and (5) whether the defendant has poor potential for rehabilitation. See Tenn. Code Ann. § 40-35-103(1) (1997); State v. Housewright, 982 S.W.2d 354, 356–57 (Tenn. Crim. App. 1997).

**B.**

Defendant contends that the trial court erroneously failed to apply two mitigating factors: (3) substantial grounds exist tending to excuse or justify his criminal conduct, though failing to establish a defense; and (11) the offense was committed under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated the criminal conduct. See Tenn. Code Ann. § 40-35-113(3), (11) (1997). Defendant contends that applicability of these two mitigating factors demonstrates that he deserved alternative sentencing.

We do not agree that Defendant's claim in the presentence report that he needed to drive his vehicle to get to work so that he would not be fired is sufficient to establish "substantial grounds" tending to excuse or justify his criminal conduct and thus, we conclude that mitigating factor (3) was not applicable. We also conclude that mitigating factor (11) was not applicable. Defendant expressly admitted during the sentencing hearing that he had driven a vehicle in violation of a Habitual Motor Vehicle Offender order more than just the two occasions for which he was convicted. Defendant obviously had no respect for the law prohibiting him from driving. Regardless, even assuming arguendo that the trial court erred when it failed to apply these factors, the trial court's denial of probation was justified based on Defendant's poor potential for rehabilitation.

The presentence report in this case indicates that besides the fact that he has been declared a Habitual Motor Vehicle Offender, Defendant's prior criminal record consists of one conviction for aggravated assault, one conviction for simple assault, one conviction for harassment, one conviction for possession of a weapon with intent to go armed, one conviction for reckless driving, two convictions for DUI, and four convictions for driving on a revoked license (it also appears that Defendant was convicted of several other offenses, but because the presentence report is not entirely clear as to the convictions for those particular offenses, we have given Defendant the benefit of the doubt and we do not consider them). The record also indicates that Defendant was previously placed on probation and his probation was revoked because he committed new offenses and he made a false

statement on his monthly report. Defendant's lengthy criminal record demonstrates a clear disregard for the laws of society and the previous revocation of his suspended sentence demonstrates a failure of past efforts at rehabilitation. Clearly, Defendant has an extremely poor potential for rehabilitation and society needs protection from this Defendant who has a long history of criminal conduct. Under these circumstances, we conclude that the trial court did not abuse its discretion when it denied alternative sentencing in this case. Defendant is not entitled to relief on this issue.

Accordingly, the judgment of the trial court is AFFIRMED.